353 So.2d 196 (1977)
Richard KANNER, Appellant,
v.
Melvyn B. FRUMKES, As Chairman, Eleventh Circuit Judicial Nominating Commission, Appellee.
No. 77-798.
District Court of Appeal of Florida, Third District.
December 20, 1977.
*197 William J. Brown, Miami, for appellant.
Robert L. Shevin, Atty. Gen. and Joseph W. Lawrence II, Asst. Atty. Gen., Tallahassee, for appellee.
Before HAVERFIELD, NATHAN and HUBBART, JJ.
PER CURIAM.
This is an appeal from an order dismissing a complaint for declaratory judgment seeking a determination of whether Section 286.011, Florida Statutes (1975),[1] the Government in the Sunshine Law, is applicable to the Judicial Nominating Commission of the Eleventh Judicial Circuit.
The basic issue raised is whether the function of judicial nominating commissions is an executive one which cannot be limited by legislative act. We find this issue was resolved by our Supreme Court in In Re Advisory Opinion to Governor, 276 So.2d 25, 29-30 (Fla. 1973):
"[2] The appointment of a judge is an executive function and the screening of applicants which results in the nomination of those qualified is also an executive function. It is the prerogative of the Legislature to provide for the number of persons to serve on each judicial nominating commission and the method of their selection. Once the judicial nominating commissions have been established by the Legislature they become a part of the executive branch of government. The function of the commissions being inherently an executive function, such cannot be limited by legislative action."
Our Supreme Court further held in the case that the power and duty for promulgating rules of procedure for their hearings and findings (independent of any of the three standard recognized divisions of state government), must rest with the members of the commission. In re Advisory Opinion, supra, at 30-31.
The function of the judicial nominating commissions being executive in nature and the mandate therefor coming from the Florida Constitution,[2] not from the legislature, the governor or the judiciary, it is clear that these commissions are not subject to Section 286.011, Florida Statutes (1975).
Affirmed.
NOTES
[1] "286.011 Public meetings and records; public inspection; penalties

"(1) All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation or any political subdivision, except as otherwise provided in the constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, regulation or formal action shall be considered binding except as taken or made at such meeting."
[2] Article V, Section 11(d), Florida Constitution (1976).